UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SHERMAN GARY HOPKINS, JR.,

     Plaintiff,

v.                                 Case No. 3:23cv8363-MCR-HTC

FEDERAL GOVERNMENT, et al.,

     Defendants.

_____/

## ORDER and
## REPORT AND RECOMMENDATION

Plaintiff Sherman Gary Hopkins, Jr., proceeding *pro se*, has filed a complaint relating to an altercation he had with an unidentified man during a bus trip in Texas. ECF Doc. 1. He also moved to proceed *in forma pauperis*. ECF Doc. 2. After reviewing the complaint, the undersigned concludes it fails to establish the existence of a non-frivolous federal claim. Thus, this case should be dismissed without prejudice for lack of subject-matter jurisdiction. In addition, because Plaintiff's claims are frivolous, his motion to proceed *in forma pauperis* is denied.

Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines

at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "[A] federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."[1] *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997) (citation omitted).

Plaintiff names the federal government and the Greyhound bus company as Defendants. He alleges that during a Greyhound bus trip in Texas from Beaumont to Houston, an unidentified man spit in his face. Fifteen minutes later, as Plaintiff exited the bus, the man slapped him in the face. Plaintiff "went to security," but "they refused to give … any help." Plaintiff faults Greyhound for not preventing the altercation, and states "every constitution of [his] has been violated," as well as his "first 10 amendments rights." As relief, he seeks "money, money, money, and [his] respect as a U.S. citizen."

Plaintiff's complaint does not state a viable federal claim. His complaint contains no factual allegations regarding the federal government or any federal employee, and it is entirely unclear why the government was named as a Defendant.

---

[1] Plaintiff's complaint does not attempt to demonstrate this Court has diversity jurisdiction. Plaintiff: (1) used the civil rights complaint form for pro se litigants in actions under 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983; (2) does not allege the citizenship of Greyhound or the required amount in controversy; (3) checked boxes indicating he was suing federal and state/local officials; and (4) alleged only federal law violations.

*See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (To state a claim, a plaintiff must plead factual content which allows a court to draw the reasonable inference the defendant is liable for the misconduct alleged.).

In addition, Plaintiff does not specify what constitutional provision Greyhound allegedly violated. In any event, Greyhound's failure to protect him is not a violation of his constitutional rights because the Constitution generally only regulates the actions of the government, not a private company like Greyhound. *See Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982) (the Fourteenth Amendment "erects no shield against merely private conduct, however discriminatory or wrongful.") (citations omitted); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978) ("[M]ost rights secured by the Constitution are protected only against infringement by governments.") (citations omitted). And, generally, even the government's failure to protect a non-incarcerated individual from private violence does not violate the Constitution. *See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989) ("As a general matter, then, we conclude that a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause.").

Because Plaintiff has not established this case involves a non-frivolous question of federal law, the case should be dismissed without prejudice for lack of

subject-matter jurisdiction.[2] *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside [of federal courts'] limited jurisdiction, … and the burden of establishing the contrary rests upon the party asserting jurisdiction.") (citations omitted).

Also, because Plaintiff's claims are frivolous, the Court will deny his motion to proceed *in forma pauperis* without considering whether he is indigent. *See Young v. Marshall*, 2020 WL 7701517, at *2 (S.D. Ala. Dec. 4, 2020) *report and recommendation adopted*, 2020 WL 7700580 (S.D. Ala. Dec. 28, 2020) (noting a court need not determine whether a plaintiff is indigent when a review of their complaint shows it is frivolous or malicious); *Reardon v. Institutional Leasing LLC,* 2012 WL 13042665, at *1 (S.D. Fla. Mar. 6, 2012) ("[T]he Court can deny a motion to proceed in forma pauperis and dismiss the action if the claims in the underlying complaint are frivolous or fail to state a claim on which relief may be granted.").

Accordingly, it is ORDERED:

1.    Plaintiff's motion to proceed *in forma pauperis*, ECF Doc. 2, is DENIED.

---

[2] Even assuming Plaintiff could establish this Court's jurisdiction, the Northern District of Florida would not appear to be the appropriate venue, as all the relevant events occurred in Texas, and Greyhound is not alleged to have any contacts with this district. *See* 28 U.S.C. §§ 1391, 1404, 1406.

And it is RECOMMENDED:

1.      That this case be DISMISSED WITHOUT PREJUDICE due to lack of

subject-matter jurisdiction.

2.      That the clerk close the file.

At Pensacola, Florida, this 24th day of April, 2023.


/s/ Hope Thai Cannon

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**


<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.